**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OKEY NWAGBRARA,

          Petitioner,

  v.

MERRICK B. GARLAND, Attorney
General,

          Respondent.

No. 19-71308

Agency No. A079-668-090

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2022**

Before: SCHROEDER, R. NELSON, and VANDYKE, Circuit Judges.

    Okey Nwagbrara, a native and citizen of Nigeria, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his applications for waivers of

inadmissibility and adjustment of status. Our jurisdiction is governed by 8 U.S.C.

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1252. We review de novo claims of due process violations in immigration proceedings. *Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the agency's determination that Nwagbrara failed to establish extreme hardship to a qualifying relative for purposes of a waiver of inadmissibility under 8 U.S.C. § 1182(h) or 8 U.S.C. § 1182(i). *See* 8 U.S.C. § 1252(a)(2)(B); *Patel v. Garland*, 142 S. Ct. 1614, 1622-23 (2022) (review of any judgment regarding the granting of enumerated relief is barred by 8 U.S.C. § 1252(a)(2)(B)(i)). Nwagbrara's contention that the agency failed to consider evidence is not supported by the record and does not amount to a colorable legal or constitutional claim over which we have jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(D).

The BIA did not err in concluding the IJ did not violate Nwagbrara's right to due process. *See Padilla-Martinez*, 770 F.3d at 830 ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice."). To the extent Nwagbrara contends the BIA violated his right to due process, his contention fails. *See id.*

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

19-71308